UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR MUNOZ ZULETA,

                Plaintiff,

-against-

J. KROM, *Deputy Superintendent of Administration*, P. PAGE-CANNONIER, *Acting Nurse Admin.*, and DR. M. GUSMAN, *as employees of the Department of Corrections and Community Supervision in their individual and official capacities*,

                Defendants.

No. 24-CV-2363 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who currently is incarcerated at Woodbourne Correctional Facility, brings this Action pro se pursuant to 42 U.S.C. § 1983, alleging that, while he was incarcerated at Sullivan Correctional Facility, Defendants denied him adequate medical care. (*See* Compl. (Dkt. No. 1).) By order dated April 18, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* Order (Dkt. No. 7).)[1]

I. Discussion

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until ninety days after the date any summonses issue.

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Deputy Superintendent of Administration J. Krom, Acting Nurse Administrator P. Page-Cannonier, and Dr. M. Gusman through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within ninety days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this Action if Plaintiff fails to do so.

## II.  Conclusion

The Clerk of Court is respectfully instructed to issue summonses for Deputy Superintendent of Administration J. Krom, Acting Nurse Administrator P. Page-Cannonier, and Dr. M. Gusman, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   April 24, 2014
         White Plains, New York

KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Deputy Superintendent of Administration J. Krom
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

2. Acting Nurse Administrator P. Page-Cannonier
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

3. Dr. M. Gusman
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116